## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

**NADIA SAMOKOVSKI,**          :
108 Meadow Lane               :
South Point, OH 45680         :     Case No. 1:22-cv-701
                              :
      and                     :     JUDGE
                              :
**CHRISTOPHER BALDWIN,**       :     MAGISTRATE JUDGE
24 Township Road 332          :
Ironton, OH 45638             :     **Jury Demand Endorsed Hereon**
                              :
      and                     :
                              :
**RYAN COLLEY,**               :
121 Laroque Lane              :
New Bern, NC 28560            :
                              :
      and                     :
                              :
**SUSAN FRAZEE,**              :
611 Buckhorn St., Apt. A      :
Ironton, OH 45638             :
                              :
      and                     :
                              :
**DANNY MILLHOUSE,**           :
2435 S. 10th Street           :
Ironton, OH 45638             :
                              :
      and                     :
                              :
**GINA MOORE,**                :
92b Stanley Street            :
Proctorville, OH 45669        :
                              :
      and                     :
                              :
**SHERRY NELSON,**             :
2761 Dorado Ct.               :
Burlington, KY 41005          :
                              :
      and                     :
                              :

**STEPHANIE ROAR,**                          :
10 Private Drive 411                          :
Ironton, OH 45638                             :
                                              :
        and                                   :
                                              :
**JENNIFER THOMAS,**                          :
1173 County Rd. 1, Lot 38                     :
South Point, OH 45680                         :
                                              :
        and                                   :
                                              :
**NATASHA PERKINS,**                          :
2115 N 4th Street                             :
Ironton, OH 45638                             :
                                              :
        and                                   :
                                              :
**KEVIN WILSON,**                             :
62 Twp Rd. 1161, Trailer 7D                   :
Proctorville, OH 45669                        :
                                              :
        and                                   :
                                              :
**ADRIAN WHEELER,**                           :
2983 County Rd. 61                            :
Kittshill, OH 45645                           :
                                              :
        **Plaintiffs, for themselves**        :
        **and all others similarly situated,** :
                                              :
        vs.                                   :
                                              :
**HILLSTONE HEALTHCARE INC.,**                :
c/o Registered Agent ACFB Incorporated        :
200 Public Square, Suite 2300                 :
Cleveland, OH 44114                           :
                                              :
        and                                   :
                                              :
**ONESOURCE EMPLOYEE**                        :
**MANAGEMENT, LLC,**                          :
c/o Registered Agent Cogency Global Inc.,     :
3958-D Brown Park Drive                       :
Hilliard, OH 43026                            :
                                              :

2

and                                      :
                                            :

**CRYSTAL CARE OF IRONTON, LLC,** :
c/o Registered Agent Matthew Dapore, :
544 Enterprise Dr., Suite G :
Lewis Center, OH 43035 :
           :
and :
           :

**MCKENNA HEALTH CARE OF** :
**FRANKLIN FURNACE INC.,** :
c/o Registered Agent Jerry W. Smith :
5375 Teeter Road :
Butler, OH 44822 :
           :
and :
           :

**MCKENNA HEALTH CARE OF** :
**PORTSMOUTH, INC.,** :
c/o Registered Agent Jerry W. Smith :
5375 Teeter Road :
Butler, OH 44822 :
           :
         **Defendants.** :

## COLLECTIVE ACTION COMPLAINT

NOW COME Plaintiffs Nadia Samokovski, Christopher Baldwin, Ryan Colley, Susan Frazee, Danny Millhouse, Gina Moore, Sherry Nelson, Stephanie Roar, Jennifer Thomas, Natasha Perkins, Kevin Wilson, and Adrian Wheeler (referred to collectively herein as "Named Plaintiffs"), on behalf of themselves and all others similarly situated, and proffer this Collective Action Complaint for damages against Defendants Hillstone Healthcare Inc., OneSource Employee Management, LLC, Crystal Care of Ironton, LLC, McKenna Health Care of Franklin Furnace Inc., and McKenna Health Care of Portsmouth, Inc. (referred to collectively herein as "Defendants").

## JURISDICTION AND VENUE

1.     This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, which provides for original jurisdiction over Named Plaintiffs' claims arising under the laws of the United States and over actions to secure equitable and other relief.

3.      Venue is proper in this forum pursuant to 28 U.S.C. § 1391, because Defendants are doing and have done substantial business in the Western Division of the Southern District of Ohio, and Named Plaintiffs are performing and have performed their job duties in the Western Division of the Southern District of Ohio.

## THE PARTIES

4.      Plaintiff Nadia Samokovski is an individual, a United States citizen, and a resident of Lawrence County, Ohio.

5.      Plaintiff Christopher Baldwin is an individual, a United States citizen, and a resident of Lawrence County, Ohio.

6.      Plaintiff Ryan Colley is an individual, a United States citizen, and a resident of New Bern, North Carolina.

7.      Plaintiff Susan Frazee is an individual, a United States citizen, and a resident of Lawrence County, Ohio.

8.      Plaintiff Danny Millhouse is an individual, a United States citizen, and a resident of Lawrence County, Ohio.

9.      Plaintiff Gina Moore is an individual, a United States citizen, and a resident of Lawrence County, Ohio.

10.     Plaintiff Sherry Nelson is an individual, a United States citizen, and a resident of Burlington, Kentucky.

11.     Plaintiff Stephanie Roar is an individual, a United States citizen, and a resident of Lawrence County, Ohio.

12.     Plaintiff Jennifer Thomas is an individual, a United States citizen, and a resident of Lawrence County, Ohio.

13.     Plaintiff Natasha Perkins is an individual, a United States citizen, and a resident of Lawrence County, Ohio.

14.     Plaintiff Kevin Wilson is an individual, a United States citizen, and a resident of Lawrence County, Ohio.

15.     Plaintiff Adrian Wheeler is an individual, a United States citizen, and a resident of Lawrence County, Ohio.

16.     Defendant Hillstone Healthcare Inc. is a corporation registered to do business in Ohio and conducting business in the Western Division of the Southern District of Ohio.

17.     Defendant OneSource Employee Management, LLC is a Limited Liability Company registered to do business in Ohio and conducting business in the Western Division of the Southern District of Ohio.

18.     Defendant Crystal Care of Ironton, LLC is an Ohio Limited Liability Company registered to do business in Ohio and conducting business in the Western Division of the Southern District of Ohio.

19.     Defendant McKenna Health Care of Franklin Furnace Inc. is a corporation registered to do business in Ohio and conducting business in the Western Division of the Southern District of Ohio.

20.    Defendant McKenna Health Care of Portsmouth, Inc. is a corporation registered to do business in Ohio and conducting business in the Western Division of the Southern District of Ohio.

21.    At all times relevant herein, Named Plaintiffs were "employees" of Defendants as defined by the FLSA.

22.    At all times relevant herein, Defendants are and have been, jointly and individually, "employers" as that term is defined by the FLSA.

23.    At all times relevant herein, Defendants have mutually benefitted from the work performed by Plaintiffs.

24.    At all times relevant herein, Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiffs.

25.    At all times relevant herein, Defendants have shared the services of Plaintiffs.

26.    At all times relevant herein, Defendants acted directly or indirectly in the interest of each other in relation to Plaintiffs.

27.    At all times relevant herein, Defendants have been jointly engaged in interstate commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in interstate commerce within the meaning of the FLSA, and/or Defendants have an annual dollar volume of sales or business of at least $500,000.00.

28.    Upon information and belief, Defendants were fully aware of the fact that they were legally required to comply with the wage and hour laws of the United States.

29.    Named Plaintiffs bring this action on their own behalf and on behalf of those similarly situated, and each Named Plaintiff has given written consent to bring this action to collect

unpaid overtime compensation under the FLSA. The consents are being filed along with the Complaint pursuant to 29 U.S.C. § 216(b). (Attached as Exhibit A).

## FACTUAL BACKGROUND

**Defendants' Pay Policies & Practices**

30. Defendants jointly own and operate "River Run Health Care."

31. River Run Healthcare is comprised of three Nursing Homes in Coal Grove, Ohio, Franklin Furnace, Ohio, and Portsmouth, Ohio.

32. Upon information and belief, Defendants jointly determine the pay policies and practices for employees at each of their three facilities as set forth herein.

33. Upon information and belief, Defendants employ approximately 50 or more nursing staff members across their three facilities at any given time. These nursing staff members include, but are not limited to Registered Nurses ("RN"), Licensed Practical Nurses ("LPN"), State-Tested Nursing Assistants ("STNA"), and Certified Nurse Assistants ("CNA"). These employees are responsible for providing on-site nursing and health care services to Defendants' Nursing Home residents.

34. Defendants also employ approximately 20 kitchen staff members across their three facilities at any given time. These kitchen staff members include, but are not limited to cooks and cafeteria workers. These employees are responsible for cooking and/or distributing meals to Defendants' Nursing Home residents.

35. Defendants pay their nursing staff members and kitchen staff members on an hourly basis (hereinafter referred to as "Hourly Employees").

36. Defendants' Hourly Employees are not exempt from the overtime mandates of the Fair Labor Standards Act.

37. Hourly Employees regularly work more than 40 hours in a single workweek.

38. At all times relevant herein, Defendants have not compensated their Hourly Employees at an overtime premium rate of one and one-half times their regular rate(s) of pay for *all* hours worked in excess of 40 in a workweek.

39. Prior to approximately mid-2020, Defendants' Hourly Employees at all three facilities received one 30-minute unpaid meal break per day.

40. This 30-minute unpaid meal break was automatically deducted from Hourly Employees' total hours worked per day.

41. However, Hourly Employees at each of Defendants' three facilities were seldom able to take an *uninterrupted* 30-minute meal break.

42. Hourly Employees' meal breaks were often interrupted by calls to assist residents or other employees, and when assistance was needed, Hourly Employees were required to respond immediately. Hourly Employees often consumed their meals between servicing patients, while walking to and from resident rooms, or were forced to forego their meals entirely.

43. On some occasions, Hourly Employees were the only individuals present or available to assist residents, and this further exacerbated their inability to take an uninterrupted meal break.

44. In or around mid-2020, Defendants changed their meal break policy.

45. Under the new meal break policy, all Hourly Employees at each of Defendants' three facilities received *two* 30-minute unpaid meal breaks.

46. Both of these 30-minute unpaid meal breaks were automatically deducted from Hourly Employees' total hours worked per day.

47.    Defendants' explanation for the meal break policy change was that it would enable them to "cut down on overtime" paid to their Hourly Employees so Defendants could afford to hire additional staff members.

48.    Many of Defendants' Hourly Employees complained about the new meal break policy, since the nature of their work often precluded them from taking even a single 30-minute meal break.

49.    In response to these complaints, Defendants instructed Hourly Employees to fill out a "missed meal break" form and submit the form to their supervisor to request payment for the missed break.

50.    However, Hourly Employees were only permitted to complete "missed meal break" forms for their _second_ 30-minute unpaid break. If the individual also missed their first 30-minute unpaid break, they were not permitted to submit a "missed meal break" form to request payment for this time.

51.    Moreover, in or around mid-2022, Defendants began requiring that Hourly Employees seek and obtain supervisor approval prior to submitting a "missed meal break" form before Defendants would "consider" compensating the individual for the missed meal break.

52.    Even if Hourly Employees complied with these requirements and properly submitted "missed meal break" forms, Defendants often still failed to properly record the missed meal break, resulting in a failure to properly compensate the individual for the reported missed break.

53.    Defendants have refused and continue to refuse to pay their Hourly Employees in accordance with the law.

**Named Plaintiffs' Employment Experiences**

### A.    *Plaintiff Samokovski*

54.    Plaintiff Nadia Samokovski has been employed by Defendants as an RN from approximately August 2019 to the present.

55.    Plaintiff Samokovski primarily performs work at Defendants' Coal Grove, Ohio facility, but she also performs work at Defendants' Portsmouth, Ohio and Franklin Furnace, Ohio facilities.

56.    At all times, Plaintiff Samokovski has been paid on an hourly basis.

57.    At all times, Plaintiff Samokovski has regularly worked more than 40 hours in a single workweek.

58.    At all times, Plaintiff Samokovski has been subjected to the pay policies and procedures described herein.

59.    At all times relevant herein, Defendants failed to compensate Plaintiff Samokovski for all overtime hours worked at the proper rate of one and one-half times her regular rate of pay for all hours worked in excess of 40 per workweek.

### B.    *Plaintiff Baldwin*

60.    Plaintiff Christopher Baldwin was employed by Defendants as a Cook between approximately December 2021 and July 7, 2022.

61.    Plaintiff Baldwin performed work at Defendants' Coal Grove, Ohio facility.

62.    At all times, Plaintiff Baldwin was paid on an hourly basis.

63.    At all times, Plaintiff Baldwin regularly worked more than 40 hours in a single workweek.

10

64.     At all times, Plaintiff Baldwin has been subjected to the pay policies and procedures described herein.

65.     At all times relevant herein, Defendants failed to compensate Plaintiff Baldwin for all overtime hours worked at the proper rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 per workweek.

### C.    Plaintiff Colley

66.     Plaintiff Ryan Colley was employed by Defendants as an STNA between approximately 2019 and July 2020.

67.     Plaintiff Colley performed work at Defendants' Coal Grove, Ohio facility.

68.     At all times, Plaintiff Colley was paid on an hourly basis.

69.     At all times, Plaintiff Colley regularly worked more than 40 hours in a single workweek.

70.     At all times, Plaintiff Colley has been subjected to the pay policies and procedures described herein.

71.     At all times relevant herein, Defendants failed to compensate Plaintiff Colley for all overtime hours worked at the proper rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 per workweek.

### D.    Plaintiff Frazee

72.     Plaintiff Susan Frazee has been employed by Defendants as an STNA between approximately October 2018 and the present.

73.     Plaintiff Frazee has performed work at Defendants' Coal Grove, Ohio facility.

74.     At all times, Plaintiff Frazee has been paid on an hourly basis.

75.    At all times, Plaintiff Frazee has regularly worked more than 40 hours in a single workweek.

76.    At all times, Plaintiff Frazee has been subjected to the pay policies and procedures described herein.

77.    At all times relevant herein, Defendants failed to compensate Plaintiff Frazee for all overtime hours worked at the proper rate of one and one-half times her regular rate of pay for all hours worked in excess of 40 per workweek.

### E.    Plaintiff Millhouse

78.    Plaintiff Danny Millhouse was employed by Defendants as an LPN and Night Shift Floor Supervisor between approximately 2020 and July 2022.

79.    Plaintiff Millhouse primarily performed work at Defendants' Coal Grove, Ohio facility, but he has also performed work at Defendants' Franklin Furnace, Ohio facility.

80.    At all times, Plaintiff Millhouse was paid on an hourly basis.

81.    At all times, Plaintiff Millhouse regularly worked more than 40 hours in a single workweek.

82.    At all times, Plaintiff Millhouse has been subjected to the pay policies and procedures described herein.

83.    At all times relevant herein, Defendants failed to compensate Plaintiff Millhouse for all overtime hours worked at the proper rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 per workweek.

### F.    Plaintiff Moore

84.    Plaintiff Gina Moore has been employed by Defendants as a CNA between approximately November 2019 and the present.

85.     Plaintiff Moore has performed her work at Defendants' Coal Grove, Ohio facility.

86.     At all times, Plaintiff Moore has been paid on an hourly basis.

87.     At all times, Plaintiff Moore has regularly worked more than 40 hours in a single workweek.

88.     At all times, Plaintiff Moore has been subjected to the pay policies and procedures described herein.

89.     At all times relevant herein, Defendants failed to compensate Plaintiff Moore for all overtime hours worked at the proper rate of one and one-half times her regular rate of pay for all hours worked in excess of 40 per workweek.

### G.     Plaintiff Nelson

90.     Plaintiff Sherry Nelson was employed by Defendants as an RN between approximately June 2020 and January 2021.

91.     Plaintiff Nelson performed work at Defendants' Coal Grove, Ohio facility.

92.     At all times, Plaintiff Nelson was paid on an hourly basis.

93.     At all times, Plaintiff Nelson regularly worked more than 40 hours in a single workweek.

94.     At all times, Plaintiff Nelson has been subjected to the pay policies and procedures described herein.

95.     At all times relevant herein, Defendants failed to compensate Plaintiff Nelson for all overtime hours worked at the proper rate of one and one-half times her regular rate of pay for all hours worked in excess of 40 per workweek.

### H.     Plaintiff Roar

96.     Plaintiff Stephanie Roar has been employed by Defendants as an LPN between approximately 2019 and the present.

97.     Plaintiff Roar primarily performs work at Defendants' Coal Grove, Ohio facility, but she has also performed work at Defendants' Portsmouth, Ohio facility.

98.     At all times, Plaintiff Roar has been paid on an hourly basis.

99.     At all times, Plaintiff Roar has regularly worked more than 40 hours in a single workweek.

100.   At all times, Plaintiff Roar has been subjected to the pay policies and procedures described herein.

101.   At all times relevant herein, Defendants failed to compensate Plaintiff Roar for all overtime hours worked at the proper rate of one and one-half times her regular rate of pay for all hours worked in excess of 40 per workweek.

### I.     Plaintiff Thomas

102.   Plaintiff Jennifer Thomas has been employed by Defendants as an STNA between approximately December 2019 and the present.

103.   Plaintiff Thomas has performed work at Defendants' Coal Grove, Ohio facility.

104.   At all times, Plaintiff Thomas has been paid on an hourly basis.

105.   At all times, Plaintiff Thomas has regularly worked more than 40 hours in a single workweek.

106.   At all times, Plaintiff Thomas has been subjected to the pay policies and procedures described herein.

107.   At all times relevant herein, Defendants failed to compensate Plaintiff Thomas for all overtime hours worked at the proper rate of one and one-half times her regular rate of pay for all hours worked in excess of 40 per workweek.

### J.   Plaintiff Perkins

108.   Plaintiff Natasha Perkins has been employed by Defendants as an LPN between approximately 2017 and the present. Plaintiff Perkins also served as the Assistant Director of Nursing ("ADON") at Defendants' Franklin Furnace, Ohio facility from approximately 2017-2018.

109.   Plaintiff Perkins has primarily performed work at Defendants' Franklin Furnace, Ohio facility, but she has also performed work at Defendants' Portsmouth, Ohio facility.

110.   At all times, Plaintiff Perkins has been paid on an hourly basis.

111.   At all times, Plaintiff Perkins has regularly worked more than 40 hours in a single workweek.

112.   At all times, Plaintiff Perkins has been subjected to the pay policies and procedures described herein.

113.   At all times relevant herein, Defendants failed to compensate Plaintiff Perkins for all overtime hours worked at the proper rate of one and one-half times her regular rate of pay for all hours worked in excess of 40 per workweek.

### K.   Plaintiff Wilson

114.   Plaintiff Kevin Wilson has been employed by Defendants as an LPN between approximately October 2022 and the present.

115.   Plaintiff Wilson has performed work at Defendants' Coal Grove, Ohio facility.

116.   At all times, Plaintiff Wilson has been paid on an hourly basis.

117. At all times, Plaintiff Wilson has regularly worked more than 40 hours in a single workweek.

118. At all times, Plaintiff Wilson has been subjected to the pay policies and procedures described herein.

119. At all times relevant herein, Defendants failed to compensate Plaintiff Wilson for all overtime hours worked at the proper rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 per workweek.

### L. Plaintiff Wheeler

120. Plaintiff Adrian Wheeler has been employed by Defendants as an STNA between approximately 2019 and the present.

121. Plaintiff Wheeler has performed work at Defendants' Coal Grove, Ohio facility.

122. At all times, Plaintiff Wheeler has been paid on an hourly basis.

123. At all times, Plaintiff Wheeler has regularly worked more than 40 hours in a single workweek.

124. At all times, Plaintiff Wheeler has been subjected to the pay policies and procedures described herein.

125. At all times relevant herein, Defendants failed to compensate Plaintiff Wheeler for all overtime hours worked at the proper rate of one and one-half times her regular rate of pay for all hours worked in excess of 40 per workweek.

### COUNT I
### FLSA Collective Action, 29 U.S.C. §201, *et seq*. -
### Failure to Pay Overtime (For All Plaintiffs Against All Defendants)

126. All of the preceding paragraphs are realleged as if fully rewritten herein.

127.    Named Plaintiffs bring their FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of themselves and all other Similarly Situated Persons ("SSPs") of the opt-in class, which includes:

> All current and former hourly paid employees of Defendants who, during the previous three (3) years, worked in excess of 40 hours per workweek and had 0.5 or more hours automatically deducted from their total time worked per day for meal breaks (hereinafter referred to as "Class").

128.    Named Plaintiffs and the Class have all been subjected to the same unlawful payroll practice. Specifically, Defendants have failed to pay Named Plaintiffs and the Class for all hours worked in excess of 40 per workweek due to the automatic 0.5 hour or greater deduction for meal beaks during each shift where the individual performed substantial compensable duties for Defendants' benefit during the meal break.

129.    This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) for overtime compensation withheld in violation of the FLSA.  Named Plaintiffs are representative of all SSPs and are acting on behalf of others' interests as well as their own in bringing this action.

130.    These SSPs are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

131.    In addition to the Named Plaintiffs, numerous putative Class Members have been denied proper overtime compensation due to Defendants' company-wide failure to properly pay overtime premiums for all hours worked.

132.    Named Plaintiffs and the SSPs were paid on an hourly basis.

133.    Named Plaintiffs and the SSPs were non-exempt employees.

134.    Named Plaintiffs and the SSPs frequently worked more than 40 hours per week.

135.    Named Plaintiffs and the SSPs were not paid at an overtime premium for _all_ hours worked in excess of 40 per workweek.

136.    Defendants were aware that Named Plaintiffs and the SSPs regularly performed compensable work for Defendants' benefits during their meal breaks but were not receiving pay for their compensable work performed during their meal breaks. Thus, during weeks Named Plaintiffs and the SSPs worked more than 40 hours per workweek, Defendants were aware that Named Plaintiffs and the SSPs were not receiving overtime pay for _all_ their hours worked in excess of 40 per workweek.

137.    Defendants' violation of the FLSA was willful, as Defendants knew or demonstrated reckless disregard as to whether they were required to pay Named Plaintiffs and the SSPs for their compensable duties performed during their unpaid meal breaks during weeks where Named Plaintiffs and the SSPs worked in excess of 40 hours per workweek.

138.    Accordingly, Named Plaintiffs and the SSPs were forced to work more than 40 hours per week without proper overtime compensation.  As a result, Named Plaintiffs and the SSPs have been damaged.

## **PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiffs are entitled to and pray for the following relief:

A.  Certification as a collective action to all SSPs and appointment of Named Plaintiffs and their counsel to represent the Class; enter an order directing Defendants to pay into a common fund for the benefit of Named Plaintiffs and all other members of the Class the total amount of damages to which Named Plaintiffs and the Class are

18

entitled, including unpaid wages, unpaid overtime, liquidated damages, pre-judgment and post-judgment interest, costs and expenses of the litigation and administration of the common fund, and attorney's fees; injunctive relief for Defendants to cease violations of the FLSA; and such other or additional relief deemed appropriate by the Court and available under the FLSA in an amount greater than $75,000; and

B. Such other legal and equitable relief as this Court deems appropriate.

Respectfully submitted,

/s/ *Rhiannon M. Herbert*
Greg R. Mansell (0085197)
(*Greg@MansellLawLLC.com*)
Rhiannon M. Herbert (0098737)
(*Rhiannon@MansellLawLLC.com*)
**Mansell Law, LLC**
1457 S. High St.
Columbus, OH 43207
Ph: 614-796-4325
Fax: 614-547-3614

*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby request a jury of at least eight (8) persons.

/s/ *Rhiannon M. Herbert*
Rhiannon M. Herbert (0098737)

19