### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| NADIA SAMOKOVSKI, et al., for themselves and all others similarly situated, | : : : | Case No. 1:22-cv-701 |
| | : | Judge Matthew W. McFarland |
| Plaintiffs, | : : | |
| v. | : : | |
| HILLSTONE HEALTHCARE INC., et al., | : : | |
| Defendants. | : | |

---

## ORDER STAYING CASE

---

This matter is before the Court following a Preliminary Pretrial Conference with the parties. The parties have submitted their Rule 26(f) report, wherein they propose dates for discovery.

The parties disagree on how to proceed with discovery. Plaintiffs believe that discovery should proceed on the definition and scope of the proposed collective class. Defendants contend that discovery should be stayed pending the Sixth Circuit's decision in *Brooke Clark, et al. v. A&L Home Care and Training Center, LLC*, Nos. 22-3101 & 22-3102. In those cases, the Circuit will decide issues relating to conditional certification in cases arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Oral argument was held on December 7, 2022. The Circuit's decision will directly impact how this Court resolves certification and oversees this matter.

"[T]he power to stay proceedings is incidental to the power inherent in every court

to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). Upon consideration of the parties' interests, judicial economy, and efficient litigation, the Court **STAYS** this matter pending the Sixth Circuit's resolution of *Clarke*.

Furthermore, upon consideration of the relevant factors, tolling is appropriate. The circumstances here—anticipating a higher court's clarification of how FLSA collective actions ought to be certified—support tolling here. Putative members will lack actual or constructive knowledge of the filing deadlines until notice, reasonably so, and notice will necessarily be delayed because of the stay. Counsel for defendants were not opposed to this approach. *Struck v. PNC Bank N.A.*, 931 F. Supp. 2d 842, 846 (S.D. Ohio 2013). As such, the Court **TOLLS** the FLSA's statute of limitations for putative collective action members.

The parties are **DIRECTED** to notify the Court when the Sixth Circuit decides *Clarke* or if they reach a settlement.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
By: _____
JUDGE MATTHEW W. McFARLAND